## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER CHASE,

            Petitioner,

v.                                        No. CIV 08-377 MCA/ACT

DEPARTMENT OF CORRECTIONS OF
THE STATE OF NEW MEXICO AND THE
NEW MEXICO ATTORNEY GENERAL,
GARY K. KING,

            Respondents.

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER is before the Court on Petitioner Christopher Chase's ("Chase") "Motion for Appointment of Counsel" [Doc. 36], filed September 24, 2008, and his Motion for an Order directing Respondents to supply Chase with the complete state court record and transcripts of hearings [Doc. 37], filed September 24, 2008. Respondents did not respond to either motion but did file a Motion to Dismiss that is pending and fully briefed. [Doc. Nos. 34, 35, 41, 42, 43.]

Chase is a former Albuquerque Police Department ("APD") officer. He was charged with numerous counts including, but not limited to, kidnaping, assault, and criminal sexual penetration of a number of women. He ended up entering into an *Alford* plea and received a 15-year term of incarceration. [Doc. 13.] On April 9, 2008, Chase filed the present § 2254 motion, arguing in part that he received ineffective assistance of counsel. [Doc. 1.] Chase is serving his sentence in the State of Nevada. [Doc. 13.]

1

## I.     Request for Appointment of Counsel

Chase filed two earlier motions requesting appointment of counsel that the Honorable Leslie C. Smith denied.[1]  [Doc. Nos. 2, 9, 16.]  Factors the Court weighs when considering a motion for appointment of counsel include "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."  Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995)(*quoting* Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991)).

In examining Chase's third request for appointment of counsel, the Court has carefully reviewed his motion, pertinent case law, and all of the pleadings in this case, including his response to the Motion to Dismiss.  Having reviewed all of the pleadings and law in light of the above-mentioned factors, the Court finds that Chase appears to understand the issues in the case and to be representing himself in an intelligent and capable manner.  Moreover, the legal issues presented in this case are not complex.  Therefore, Chase's third request for appointment of counsel will be denied.

## II.     Request for Complete State Court Record and Hearing Transcripts

The Court determines that Respondents should produce to Chase some of the requested materials and that Chase will then be given an opportunity to file an amended or supplemental response to the motion to dismiss.  In addition, the Court will allow Respondents to file a reply, should they determine one is necessary.[2]

---

[1]This case was not assigned to the undersigned United States Magistrate Judge until September 30, 2008. [Doc. 39.]

[2]Respondents elected not to file a reply in support of their motion to dismiss.  [Doc. 43.]

2

The Court provides the following procedural background regarding this decision.  On July 14, 2008, the Court received from Respondents a copy of the underlying record proper that consists of two volumes of state court records, one envelope containing eight sealed documents, and ten transcripts of state court hearings.  [Doc. 18.]  On August 4, 2008, Chase filed a motion requesting that the Court order Respondents to provide him with the entire state record, including hearing transcripts.  [Doc. 24.]  Initially, Judge Smith granted Chase's request that Respondents send him the state court record and transcripts, reasoning that Chase was entitled to have a copy of the entire record proper.  [Doc. 25.]

On August 11, 2008, Respondents filed objections to the Court's Order, arguing, in part, that it would be exorbitant for the State to pay $373.00 in copying fees, exclusive of mailing costs, to provide the entire underlying record proper to Chase.  In addition, Respondents argued that Nevada State correctional procedures and policies, which govern Chase's imprisonment, limit the receipt and retention of legal materials by Nevada inmates.  Respondents also contended that Chase's request for the record proper was premature as they intended to file a motion to dismiss that would include a complete review of the state court record and demonstrate that Chase's § 2254 is without merit.  Finally, Respondents asserted that even if Chase were to be provided the record proper, the Court should first review the sealed documents *in camera*, before production of those documents. [Doc. 26.]

On August 18, 2008, the Court reconsidered its earlier Order [Doc. 25] and determined that Respondents' objections were well taken.  The Court did not require Respondents to send any of the record proper to Chase at that time.  The Order explained that Chase could determine which parts

of the record he needed to respond to the motion to dismiss once it was filed and that he could brief the request at that time should he choose to do so.  [Doc. 27.]

Before the motion to dismiss was filed, but shortly after the Court's August 18, 2008 Order, Chase filed a response to the objections in which he argued again that he was entitled to the entire state court record and transcripts.  [Doc. 28.]  Chase noted in his response that he needed all of the state court record to support his habeas claims and that he also had never received his state court trial attorney's records and file that he had requested.  Thus, he had none of the underlying pleadings or documents to review.  [Doc. 28.]  To the extent Chase's "response" (which might be construed as objections) to the Court's August 18, 2008 required a decision, none was entered.

On August 28, 2008, Chase filed a notice of appeal from the August 18, 2008 Order.  [Doc. 29.]  On September 10, 2008, while the appeal was pending before the Tenth Circuit Court of Appeals, Respondents filed their motion to dismiss.  [Doc. 34, 35.]

On September 24, 2008, Chase filed the motions addressed by this Order – the motion for appointment of counsel and another request for the state court record.  [Doc. 36, 37.]  On September 24, 2008, The Tenth Circuit concluded that the Court's August 18, 2008 Order was not a final appealable order and dismissed Chase's attempted appeal without prejudice.  [Doc. 38.]

On October 1, 2008, Respondents filed with the Court a copy of the transcript of Chase's plea proceeding that was held on January 27, 2006, and filed a supplemental brief in support of their motion to dismiss.  [Doc. 40, 41.]  Respondents' supplemental brief relies on portions of the plea hearing that had just been provided to the Court.  In the original 34-page brief supporting the motion to dismiss, Respondents refer to the record proper, summarize some of the pretrial hearings, cite to pages of various hearing transcripts, and quote from hearing transcripts and plea documents.  They

4

argue, in part, that the state court record adequately establishes that Chase knowingly and voluntarily entered into the plea agreement and that his trial counsel provided effective assistance of counsel. [Doc. 35.]

On November 10, 2008, Chase filed a response to the motion to dismiss, without the benefit of having received any of the record proper.  [Doc. 42.]  His response consists of six hand-written pages.  Page six ends abruptly in mid-sentence, and there is no signature page.  It is not clear whether that response is complete, whether a page or more is missing, or whether the Court did not receive the complete response.  [Doc. 42, p. 6.]  Chase's argument in opposition to the motion to dismiss contains an alleged statement of facts, including some dates that apparently are incorrect, and some legal argument.  Chase refers to the plea and sentence hearings but without specific page citations.  Chase also claims he had not been able to review his pre-sentence report prior to the sentencing hearing.  [Doc. 42, p. 5.]

In Chase's motion for records and transcripts [Doc. 37], he states he is indigent and cannot afford to pay the costs of copies of the state court record and transcripts.  He further asserts:

> [a]t a minimum Petitioner needs a complete copy of the appendix that was attached to the States [sic] response.  The State failed to provide him with it.  Also Petitioner needs his PreSentence Investigation report, Transcript of Plea hearing on January 27, 2006, all of the "R.P." and "T.Trans" having to do with this case, and witness statements, and anything else pertaining to this case.

[Doc. 37, p. 2.]  Although not entirely clear, it seems that Chase did not receive the exhibits to Respondents' Answer, filed May 12, 2008.  [Doc. 13.]  Those exhibits included the state court judgment, grand jury indictment, plea and disposition agreement, state court habeas petition and related pleadings, and the state court docket sheet in Chase's underlying criminal proceeding.  [Doc. 13, attachments.]  Respondents' certificate of service does not clarify whether the Answer <u>with</u>

exhibits was served on Chase.  Instead, it states that the "foregoing" (which may indicate the Answer only or the Answer with exhibits) was served on Chase.  [Doc. 13, p. 7.]

In order to ensure that Chase has an opportunity to fully respond to the motion to dismiss, the Court concludes that Respondents should provide Chase with all of the exhibits attached to its Answer [Doc. 13] and with the record proper, including all hearing transcripts that were a part of the record proper and the later-filed plea hearing transcript.  To the extent that Respondents relied on other documents or pleading transcripts in their motion to dismiss briefing, they should provide those to Chase as well.  Because Respondents did not appear to rely on any of the sealed documents in the record proper, they need not be provided to Chase.  In addition, the Court does not require production of the PreSentence Investigation Report ("PSI") to Chase unless Respondents relied on the PSI in their motion to dismiss or the record proper indicates Chase never was permitted to review the PSI.  The production and mailing of these documents should be made at Respondents' expense.

IT IS THEREFORE ORDERED that:

(1)  Chase's third motion for appointment of counsel [Doc. 36] is DENIED;

(2)  Chase's motion for order for complete state court record and transcripts [Doc. 37] is GRANTED in part and DENIED in part, as described herein, with the result that Respondents have twenty (20) days after entry of this Order to serve Chase, at their cost, with copies of the exhibits, record proper and transcripts described above; that Chase is given another twenty (20) days after receipt of those documents and pleadings to file with the Court a supplemental response to the motion to dismiss, should he choose to do so, and that if Chase files a supplemental response, Respondents will have twenty (20) days after receipt of the supplemental response to file a reply, should they deem it necessary; and

(3)  Chase provide to the Court and Respondents, within twenty (20) days after entry of this Order, the complete original response to the Motion to Dismiss, to the extent that the original response exceeded the six pages received by the Court.  [Doc. 42.]

**Alan C. Torgerson**
**United States Magistrate Judge**