IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER CHASE,

       Petitioner,

v.                              No. CIV 08-377 JCH/ACT

DEPARTMENT OF CORRECTIONS OF
THE STATE OF NEW MEXICO AND THE
NEW MEXICO ATTORNEY GENERAL,
GARY K. KING,

       Respondents.

MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION

       THIS MATTER comes before the Court on Petitioner Christopher Chase's ("Petitioner")

Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 by a Person in State Custody

filed April 9, 2008 [Doc. No. 1] and Petitioner's Expanded Petition for Writ of Habeas Corpus filed

July 21, 2008. [Doc. No. 21].  The Department of Corrections of the State of New Mexico and the

New Mexico Attorney General, Gary K. King, ("Respondents") filed an Answer, with

accompanying Exhibits, on May 12, 2008. [Doc. No. 13].  The Respondents filed a Motion to

Dismiss Petition and Expanded Petition on September 10, 2008 [Doc. No. 34] and filed a

Supplement to Memorandum in Support of Motion to Dismiss Petition and Expanded Petition on

October 1, 2008. [Doc. No. 42].  Petitioner filed his Response to the Motion to Dismiss on

November 10, 2008. [Doc. No. 42]. Respondents did not reply.  [Doc. No. 43].  On February 12,

2009, Petitioner filed a Supplemental Petition for a Writ of Habeas Corpus [Doc. No. 51] and a

Judicial Notice [Doc. No. 52].  Respondents have not replied.

The Court, having reviewed the Application, the Expanded Petition, the Answer and accompanying Exhibits, the Motion to Dismiss, the Supplement to the Motion to Dismiss, the Petitioner's Response, the Supplemental Petition, the Judicial Notice, the Record Proper, the Transcript of Proceedings, and the relevant law, recommends that Respondents' Motion to Dismiss be granted and Petitioner's Application for a Writ of Habeas Corpus be denied on the merits.

<u>PROPOSED FINDINGS</u>

<u>Procedural Findings</u>

1.  Petitioner is in the lawful custody of Respondent Department of Corrections for the State of New Mexico pursuant to a valid Judgment, Partially Suspended Sentence and Commitment filed in the Second Judicial District, Bernalillo County District Court on March 30, 2006. [Doc. No. 13 Exhibit A].  Petitioner currently is confined at the Lovelock Correctional Facility in Lovelock, Nevada. [Doc. No. 1].

2.  Petitioner was originally charged with thirty-two (32) counts, including Criminal Sexual Penetration; Criminal Sexual Penetration (Child 13 to 18 Years Old); Criminal Sexual Contact of a Minor; Criminal Sexual Contact; Tampering with Evidence; Battery; Kidnapping; Aggravated Battery; Assault; Aggravated Assault; and False Imprisonment. These counts involved eleven (11) victims, male and female. [Doc. No. 13, Exhibit B].

3.  Attorney Jacquelyn Robins entered an appearance on Petitioner's behalf on July 1, 2003 [RP 137] and withdrew as Petitioner's counsel by order dated February 28, 2007. [RP 423].

4.  On January 26, 2006, Petitioner entered into a Plea and Disposition Agreement and pleaded guilty under an *Alford* plea to ten (10) counts, including three (3) counts of Criminal Sexual Penetration; three (3) counts of Kidnapping; one (1) count Aggravated Battery; one (1) count Criminal Sexual Penetration (Child 13 to 18 Years Old); one (1) count Criminal Sexual Contact of

a Minor; and one (1) count Criminal Sexual Contact. [RP 375].  The State agreed to not prosecute

the remaining twenty-two (22) counts. [RP 379].

5.  On January 27, 2006, a hearing was held for the entry of the plea, and the Guilty Plea

Proceedings was entered. [RP 373].  The order memorialized the entry of an *Alford* plea to Counts

1, 2, 9, 12, 16, 19, 21, 23, 29, and 30. [RP 373].  Consistent with the plea, the Plea and Disposition

Agreement was filed. [RP 375].

6.  On March 30, 2006, the sentencing hearing was held and the Judgment, Partially

Suspended Sentence and Commitment was entered. [RP 395]. The state district court judge imposed

the maximum sentence as outlined in the Plea and Disposition Agreement. [RP 375].  Petitioner was

sentenced to a total incarceration period of sixty (60) years, with forty-five (45) years suspended,

for an incarceration period of fifteen (15) years, with five (5) years supervised probation. [RP 395].

Petitioner's Motion to Reconsider Sentence filed June 27, 2006 was denied on August 1, 2006.

[Motion to Reconsider Sentence Tr., 21-22, Aug. 1, 2006]. The sentence imposed was consistent

with New Mexico sentencing law and the terms and provisions of the Plea and Disposition

Agreement. [RP 375].

7.  On March 19, 2007 and on June 18, 2007, Petitioner filed a Petition for Writ of Habeas

Corpus in the Second Judicial District, Bernalillo County District Court [RP 424, 460], which was

denied on November 1, 2007. [RP 541].

8.  On January 3, 2008, Petitioner filed a petition for Writ of Certiorari with the Supreme

Court of the State of New Mexico [Doc. No. 13, Exhibit Q], which was denied by order entered

January 22, 2008. [Doc. No. 13, Exhibit R].

9. On April 9, 2008, Petitioner filed his federal Application for a Writ of Habeas Corpus. [Doc. No. 1]. Petitioner raises seven claims in the Petition, which are the same claims that were raised in the State Court Habeas Petition:

Claim One:   Sixth Amendment, Ineffective Assistance of Counsel with Prejudice causing Involuntary Plea under Fourteenth Amendment.

Claim Two:  Fifth, Sixth, and Fourteenth Amendments, Unconstitutional Identification Process.

Claim Three: Fourteenth Amendment, Insufficient Evidence.

Claim Four:   Sixth Amendment, Ineffective Assistance of Counsel with Prejudice.

Claim Five:   Fifth and Fourteenth Amendments, Prosecutorial Misconduct.

Claim Six:     Fifth and Fourteenth Amendments, Right to Fair Judicial Process, Publicity, Venue.

Claim Seven: Fourteenth Amendment, Right to Fair Sentencing. [Doc. Nos. 1 and 13, Exhibit E].

10. On February 12, 2009, Petitioner filed a Supplemental Petition in which he set forth the following additional claim:

Claim Eight: Ineffective Assistance of Counsel, Violation of Due Process under the 5th, 6th, and 14th Amendments to the U.S. Constitution, due to Conflicting Language contained in the Plea Canvass and Plea Waiver.[1] [Doc. No. 51].

---

[1]Petitioner's Claim Eight was presented for the first time in Petitioner's Supplemental Petition for Writ of Habeas Corpus. Respondents do not object to Petitioner's Supplemental Petition. Although there is a general exhaustion requirement at the state court habeas level, *see Vasquez v. Hillery,* 474 U.S. 254, 257 (1986), this Court will consider Petitioner's new claim. A narrow exception to the rule of total exhaustion permits a federal court to reach–and reject–both exhausted and unexhausted claims if the court determines that all claims in the petition lack merit. 28 U.S.C. §2254(b)(2) (2000). If all of the claims in a petition are plainly incapable of justifying relief, the entire application for a writ of habeas corpus "may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State with respect to one or more of the claims." *Id.* Because all claims in the Petitions lack merit, exhaustion of Chase's Claim Eight by the state court is unnecessary.

Standard of Review

11. Because Petitioner is in custody pursuant to the judgment of a state court, the provisions of 28 U.S.C. §2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), govern this case.  Under AEDPA, relief shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the petitioner can establish that the State court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. §2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(2).

12. A state court decision is "contrary to" clearly established federal law if it "arrives at a conclusion opposite to that reached by the Supreme Court on a question of law" or "decides a case differently than the Court has on a set of materially indistinguishable facts."  *Young v. Sirmons*, 486 F.3d 655, 662-63 (10th Cir. 2007), *cert. denied,* 128 S.Ct. 1269 (2008) (quoting *Torres v. Lytle*, 461 F.3d 1303, 1311 (10th Cir. 2006)).

13. A state court decision is an "unreasonable application" of federal law if it "identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (quoting *Torres,* 461 F.3d at 1311). "[A] federal habeas court making the unreasonable application inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Penry v. Johnson*, 532 U.S. 782, 793 (2001) (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000)).  Even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application was also objectively unreasonable.  *Id*.  In evaluating whether the state court's application of the law was reasonable, federal habeas courts may

5

consider the decisions of the inferior federal courts. *Matteo v. Superintendent, SCO Albion*, 171 F.3d 877, 890 (3rd Cir. 1999) (citing *O'Brien v. Dubois,* 145 F.3d 16, 25 (1st Cir. 1998)).

14. Relief under the "unreasonable determination of the facts" clause of subsection (d)(2) is subject to the provisions of 28 U.S.C. §2254(e)(1), which requires that factual findings of a state court are presumed correct and can be overturned by a habeas court only on a showing by the petitioner of clear and convincing evidence. *House v. Hatch*, 527 F.3d 1010, 1019 (10th Cir. 2008), *cert. denied,* 129 S.Ct. 1345 (2009).

15. If a state court resolves issues in a summary disposition with little or no legal reasoning, a federal habeas corpus still owes deference to the result. *Paine v. Massie*, 339 F.3d 1194, 1198 (10th Cir. 2003).

Petitioner's Claims

 Petitioner's Claim One: 6th Amendment Ineffective Assistance of Counsel with Prejudice causing Involuntary Plea Under 14th Amendment.

16. Petitioner's first claim is that he received ineffective assistance of counsel that caused him to enter an involuntary plea. [Doc. No. 1, p.6] In Petitioner's original Petition, Petitioner stated that his plea was involuntary due to ineffective assistance of counsel for the following reasons:

A.  The plea canvassing was constitutionally inadequate as petitioner was not informed that he would have to attend a psychological panel and admit guilt before being eligible for parole, where *Alford* plea preserves innocence.

B.  Petitioner was not provided a full and complete understanding of an *Alford* plea.

C.  Petitioner's plea was the result of extreme coercion by defense counsel and counsel's inability to take cases to trial.

D.  Petitioner was unable to assist counsel in his own defense as he was not allowed to see the discovery materials of the state and was unable to assist at sentencing as he was never provided the presentence investigation report.[2]

E.  Counsel failed to adequately explain the nature of the plea, the elements of the offenses, and the consequences of waiving an appeal and wrongly advised that an appeal would result in more sentence time, thus such waiver was also involuntary.

F.  Plea was involuntary due to ineffective assistance of counsel.

G.  Ineffective Assistance with Prejudice for the grounds stated.

H.  Ineffective Assistance of Counsel with Prejudice where counsel refused to file requested direct appeal.[3]

17. In Petitioner's Expanded Petition [Doc. No. 21], in further support of Claim One Section C, Petitioner claims that his attorney told him that if he did not take the plea, the FBI would charge him with additional charges and further told  him:

> if he would accept the plea deal of 0-15 years, where the Judge Barela-Sheperd[4] will sentence you anywhere within 0-15 yrs. Counsel Jacquelyn Robins stated to Petitioner that "I have a really good rapport with ADA Micheal Fricke, and he is willing to ensure no more than 9 yrs. ...and she (Jacquelyn Robins) had a really good rapport with the Judge and she would also be within the 9 yrs range.  Counsel stated to me, 'Chris take the deal you're not going to do more than 9 yrs. Think about your kids, your able to be apart of their lives, and the ADA and the Judge both can plainly see the lack of evidence, and the Judge will give you no more than 9 yrs simply due to the weak case the state has against you.  Because of the lack of evidence the state has; I'm sure the Judge will sentence you to 5 years max."

---

[2]Petitioner's claim regarding the presentence report is addressed by this Court under Petitioner's Claim Seven, *infra* at 19.

[3] Petitioner's allegation set forth in "H" is not relevant to an Involuntary Plea claim. Furthermore, because Petitioner waived his right to appeal by signing the Plea and Disposition Agreement, which is discussed in detail *infra* at 16-17, Petitioner's claim fails.

[4]Because of the number of spelling and grammatical errors, when quoting directly from Petitioner's writing, this Court will not utilize the term "sic."

7

Law

18. The Due Process Clause of the Fourteenth Amendment requires that a defendant's plea of guilty be entered intelligently and voluntarily. *See Boykin v. Alabama*, 395 U.S. 238, 242 (1969). Under clearly established United States Supreme Court precedent, the test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). During a plea hearing, representations made by the defendant, his lawyer, and the prosecutor, as well as any findings made by the judge accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977).

19. The controlling United States Supreme Court decision for the claim of ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668 (1984). Where the basis for challenging a plea as involuntary rests on a claim of ineffective assistance of counsel, as in this case, a modified version of the *Strickland* standard applies. That is, a habeas petitioner must first establish that counsel's conduct was objectively unreasonable and, second, to establish prejudice, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59; *United States v. Salazar*, 323 F.3d 852, 857 (10th Cir. 2003). Because the test is two-pronged, if either prong is not met, it is unnecessary to discuss the other. *See Hill*, 474 U.S. at 60. State court findings regarding a claim of ineffective assistance of counsel are entitled to deference. *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999).

20. In attempting to establish that counsel's representation was "objectively unreasonable," Plaintiff must show that counsel's conduct was "completely unreasonable, not merely wrong." *Moore v. Gibson*, 195 F.3d 1152, 1178 (10th Cir. 1999). In showing that counsel's representation was objectively unreasonable, Petitioner must overcome the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 688-689. *See Bullock v. Carver*, 297 F.3d 1036, 1046-1047 (10th Cir.) (discussing strong presumption of reasonableness). The Court must consider all of the circumstances, making every effort to "eliminate the distorting effects of hindsight," and to "evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.

21. Petitioner must also demonstrate that he was prejudiced as a result of his counsel's deficient performance.  To demonstrate prejudice, Petitioner must show that there is a reasonable probability that, but for the counsel's errors, "he would not have pleaded guilty and would have insisted on going to trial."  *Hill*, 474 U.S. at 559.  A petitioner's mere assertion that he would have opted for trial is not enough to satisfy the prejudice prong. *United States v. Clingman*, 288 F.3d 1183, 1186 (10th Cir. 2002).  Rather, the Court looks "to the factual circumstances surrounding the plea to determine whether [petitioner] would have proceeded to trial." *Id.* (citation omitted).

Discussion

22. Mr. Chase's contention that his counsel was ineffective causing an involuntary plea fails because Petitioner did not establish that his counsel's conduct was objectively unreasonable or that prejudice existed and because Petitioner did not establish that his plea was involuntary.  Petitioner's conclusory allegations that his plea was coerced or involuntary; that he was not provided a full understanding of the *Alford* Plea; that he was not provided with an explanation of the nature of the plea, the elements of the offenses, and the consequences of waiving an appeal; and that he was told

he would receive a sentence of only nine years are insufficient to overcome the statements agreed

to by Petitioner in the Plea and Disposition Agreement and made by him and others during the plea

hearing. The Plea and Disposition Agreement which Petitioner signed provides in pertinent part:

> SENTENCING AGREEMENT: ...At initial sentencing, the parties agree to a "cap"
> of 15 years incarceration... "POTENTIAL INCARCERATION: If the court accepts
> this agreement, the defendant may be ordered to serve a period of incarceration up
> to fifteen (15) years at initial sentencing.... [RP 377-378].

23. Further, Petitioner made the following affirmation regarding his plea in the Plea and

Disposition Agreement:

> I have read and I understand this agreement.  I understand that being
> convicted may affect my immigration or naturalization status.  I have discussed the
> case and my constitutional rights with my lawyer.  I understand that when I plead
> guilty I give up the following rights: my right to a trial by jury, my right to confront,
> cross-examine, and compel the attendance of witnesses, and my privilege against
> self-incrimination. I agree to enter my plea according to the terms and conditions set
> forth in this agreement. [RP 380].

24. Petitioner's attorney made the following affirmation in the Plea and Disposition

Agreement:

> I have discussed this case with my client in detail and have advised him of
> his constitutional rights and all possible defenses.  I believe that the plea and
> disposition set forth herein are appropriate under the facts of this case.  I agree with
> the plea outlined in this agreement and its terms and conditions. [RP 380].

25. Petitioner also appeared before the trial judge at his plea hearing on January 27, 2006,

at which time the following colloquy occurred:

> THE COURT: I'm going to go over some information with you today, sir.
> If you do not understand something I say, I want you to let me know, okay?
> THE DEFENDANT: Yes, ma'am.
> THE COURT: Are you presently under the influence of alcohol, drugs or any
> medication?
> THE DEFENDANT: No, ma'am.
> THE COURT: Do you have any physical or health problems that would
> impair your ability to understand the terms and conditions of this plea?
> THE DEFENDANT: No, ma'am.

THE COURT: Have you read the plea agreement?

THE DEFENDANT: Yes, ma'am.

THE COURT: Have you gone over these charges, the possible penalties for the charges, the terms and conditions of the plea with your attorney?

THE DEFENDANT: Yes, ma'am.

THE COURT: Do you have any questions regarding the charges, the possible penalties for the charges or the terms and conditions of the plea?

THE DEFENDANT: No, ma'am.

THE COURT: You understand that by entering into this plea agreement, you waive the following constitutional rights, the right to plead not guilty, the right to a jury trial, the right to see, hear, question and cross-examine witnesses who may testify against you, the right to present evidence on your own behalf, the right to have the State compel the attendance of witnesses of your choosing, the right to remain silent and not be forced to incriminate yourself, the right to be presumed innocent, the right to have the State bear the burden of attempting to prove you guilty beyond a reasonable doubt and the right to have a trial or appeal a trial conviction to a higher court.  Do you understand these rights?

THE DEFENDANT: Yes, ma'am.

THE COURT: Do you wish to knowingly and voluntarily give up these rights to enter into this plea?

THE DEFENDANT: Yes, ma'am...

THE COURT: ...Has anyone threatened you or forced you to change your plea today?

THE DEFENDANT: No, ma'am.

THE COURT: Were there any promises made to you other than those contained in this plea agreement?

THE DEFENDANT: No, ma'am.

THE COURT: Are you pleading guilty knowingly, voluntarily and of your own free will?

THE DEFENDANT: Yes, ma'am.

THE COURT: And you understand, sir, that although you are pleading guilty pursuant to *Alford*, I will find you guilty of these charges?

THE DEFENDANT: Yes, ma'am.

THE COURT: Have you understood everything that I've said to you today?

THE DEFENDANT: Yes, ma'am.

THE COURT: Do you have any questions that you would like to ask me or your attorney?

THE DEFENDANT: No, ma'am....

MS. ROBINS: ...The plea bargain sets out that he faces an initial cap of 15 years in prison.  If the Court imposed the 15 years in prison, the Court would then have 45 years of time suspended as a result of this plea agreement. The plea offers my client a chance to get less than 15 years because of his circumstances in this case, and we will argue about that at the time of sentencing, but – what we want to make clear is that at the time of sentencing, we will ask for a sentence of nine years, and

11

we will ask for as much probation as the Court can impose under the new statute, which is up to 20 years....

MR. FRICKE: ...Judge, I think it's probably pretty obvious, but Your Honor, at sentencing the State will clearly be asking for 15 years. We believe the maximum sentence is appropriate....

THE COURT: ...And, again, Mr. Chase, you understand that you have a right to plead not guilty, and no one can force you to change that plea?

THE DEFENDANT: Yes, ma'am.

THE COURT: Are you satisfied with the services of your attorney, sir?

THE DEFENDANT: Yes, ma'am.

[Doc. 52, Exh. A at 2-4, 8, 9-10, 11, 11-12]

26. Petitioner's conclusory allegations fail to establish his ineffective assistance of counsel causing involuntary plea claim because if any deficiency existed, it was obviated by the statements agreed to by Petitioner in the Plea and Disposition Agreement and by the exhaustive steps taken by the state district court to apprise Petitioner of the plea, of the consequences of his plea, and of the possible maximum sentence, and also by Petitioner's own statements that he understood those consequences. *See, e.g., Worthen v. Meachum*, 842 F.2d 1179 (10th Cir. 1988), *overruled on other grounds, Coleman v. Thompson*, 501 U.S. 722 (1991).

27. Further, Petitioner told the district court judge that he was accepting the plea so that he could "have a little closure" and that he did it for his family. [Sentencing Tr., 14, March 30, 2006]. This statement is in direct contradiction to Petitioner's current allegations of coercion and involuntariness and rather helps establish that his plea was entered into intelligently and voluntarily. *See Boykin,* 395 U.S. at 242.

28. Petitioner additionally fails to establish that his counsel's conduct was objectively unreasonable as his counsel's reasoning for the acceptance of the plea is well-reasoned and falls well within the wide range of reasonable professional assistance. *See Strickland,* 466 U.S. at 688-689. Counsel stated the following in the plea proceeding:

12

> We believed that if we took it up on appeal, that the Court of Appeals would probably agree with us and that we would come back down for trial on six separate trials. We believed that in the course of trying the six separate cases that there could be at least one set of convictions that would occur, and that as a result of that one set of convictions occurring, my client could face a worse sentence than what he is given by way of this plea bargain.

[Doc. No. 52, Exh. A at 9]. In fact, without the plea, 32 charges with a basic sentence for each count could have been brought against Petitioner. [RP 1]. Consequently, if convicted of all charges, Petitioner faced a much greater sentence than the sentence imposed.

    29. Petitioner contends that his plea should be invalidated because he was promised a sentence of only nine years but received 15 years. A miscalculation or erroneous sentence estimate by counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel. *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993). *See also United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005) (erroneous plea predictions by attorneys do not render the plea involuntary as a matter as law). Moreover, *in Worthen*, 842 F.2d at 1183-1184, the Tenth Circuit held that a guilty plea was voluntary even though promises had allegedly been made by counsel that the sentence would be less than the one imposed, noting that the Petitioner "repeatedly stated on the record that he had not been coerced, threatened, or promised anything by his attorney or anyone else." In *Laycock v. State of New Mexico*, 880 F.2d 1184 (10th Cir. 1989), Petitioner alleged that his counsel promised him that he would receive a suspended sentence if Delancey Street accepted him into its drug treatment program. The Tenth Circuit held that the facts and circumstances surrounding the plea supported the district court's conclusion that counsel did not materially misrepresent the plea. The Tenth Circuit noted that the alleged promise was not mentioned in the written plea agreement, that the Petitioner answered "no" to the judge's question of whether other promises had been made to him, and that none of the participants mentioned the

promise at the plea or sentencing hearing. *Id.* at 1186-1187. As in *Worthen*, Petitioner in the present case stated to the district court judge that he had not been threatened or forced to accept the plea, that there were no promises made to him other than those in the plea agreement, that he was pleading guilty knowingly, voluntarily and of his own free will, and as in *Laycock,* nothing was stated in the plea agreement or at the plea hearing or sentencing hearing about a nine year sentence.

30. Finally, the portion of the record set forth above indicates that Petitioner fully understood that there was no guarantee as to the length of his sentence and that he could receive fifteen years under the terms of the plea agreement. The possibility of a 15 year sentence was set out in the Plea and Disposition Agreement and at the plea hearing. His counsel even discussed it at the plea hearing. [Doc. 52, Exh. A, 9-10]. The record demonstrates that Petitioner's plea was entered into knowingly and voluntarily, and the plea did not violate Petitioner's right to due process.

31. Because Petitioner has not shown that his attorney's conduct was objectively unreasonable, he has failed to satisfy the first prong of the *Strickland* test. Accordingly, it is unnecessary for the Court to reach the second prong regarding prejudice. *See Hill,* 474 U.S. at 60. However, it should be noted that other than conclusory statements that Petitioner would have insisted on going to trial, he makes no showing to that effect. As discussed above, the factual circumstances surrounding the plea, *i.e.*, the potential consequences of not pleading and Petitioner's and counsel's reasoning for accepting the plea, indicate that Petitioner would not have proceeded to trial, and, therefore, no prejudice exists. *See Clingman,* 288 F.3d at 1186. Accordingly, Petitioner fails to meet the second prong of the *Strickland* test.

32. The state district court judge made factual determinations that Petitioner "was fully advised as to the terms and conditions of the Plea and Disposition and consented therein to each condition...." and that "Petitioner has not provided sufficient evidence to support his claim of

ineffective assistance of counsel." [Doc. No. 13, Exh. J].  Factual findings made by the state courts are subject to the presumption of correctness. *House,* 527 F.3d at 1019.  In this case, Petitioner has failed to present clear and convincing evidence to rebut the presumption of correctness afforded the state court's findings of fact. *See id.* Petitioner has not met his burden to prove that the district court judge's factual determinations or conclusions were "contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. §2254(d)(1), or were "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(2).

33. Finally, in support of Petitioner's Claim One, Petitioner alleges that "he was not informed that he would have to attend a psychological panel and admit guilt before being eligible for parole." [Doc 1]. Petitioner fails to present facts to support this allegation in the Petitions filed with this Court, in his Response to the Motion to Dismiss, or in his State petitions.  Even construing this claim in the most liberal way, Petitioner has simply failed to provide this Court with sufficient information regarding this claim.  Furthermore, Petitioner makes no showing whatsoever that he would not have pleaded guilty and would have insisted on going to trial had he been informed he would have to admit guilt before being paroled.  Accordingly, Petitioner fails to meet the second prong of the Strickland test. *See Strickland,* 466 U.S. at 687.

34. Additionally, the state court found that "Petitioner has not provided sufficient evidence to support his claim of ineffective assistance of counsel" and further found that "Defendant was fully advised as to the terms and conditions of the Plea and Disposition and consented therein to each condition including but not limited to the condition that he register as a sex offender and provide a DNA Sample...*and any other terms of probation deemed appropriate by the Court, the Department of Corrections, or the probation officer."* [Doc. No. 13, Exh. J.  Emphasis in original].  These

15

findings by the state court include Petitioner's allegation regarding admission of guilt in order to be paroled, and Petitioner has failed to present any evidence, much less clear and convincing evidence, to rebut the presumption of correctness of these finding, *see House*, 527 F.3d at 1019, and has failed to meet the requirements set forth in 28 U.S.C. §§2254(d)(1)-(2).

35. For all of the foregoing reasons, this Court recommends that habeas corpus relief be denied on Petitioner's claim of ineffective assistance of counsel causing involuntary plea.

Petitioner's Claim Nos. 2, 3, 4, 5, and 6

36. Petitioner's Claim Nos. 2, 3, 4 5, and 6 assert constitutional violations regarding the identification process, the sufficiency of the evidence, ineffective assistance of counsel, prosecutorial misconduct, and the right to a fair judicial process, publicity, and venue.

37. The state district court denied Petitioner's Claim Nos. 2, 3, 4, 5, and 6, finding that Petitioner waived these claims by entering into the Plea and Disposition Agreement on January 27, 2006.[5] [RP 542]  The Plea Agreement states in pertinent part:

> WAIVER OF DEFENSES AND APPEAL: Unless this plea is rejected or withdrawn, the defendant gives up all motions, defenses, objections, or requests which he has made or could make concerning the Court's entry of judgment against him if that judgment is consistent with this agreement.  The defendant specifically waives his right to appeal as long as the court's sentence is imposed according to the terms of this agreement. [RP 379]

---

[5]The Court stated: "The Court having considered all relevant facts and circumstances, having reviewed the Petition, and all relevant pleadings, and being otherwise fully advised in the premises hereby DENIES Defendant's Petition for the following reasons: 1) That Defendant entered into a Plea and Disposition Agreement on January 27, 2006 wherein he agreed to give up all motions, defenses, objections, or requests which he made or could have made concerning the Court's entry of judgment against him if the judgment was consistent with his agreement. Defendant further specifically waived his right to appeal as long as the court's sentence was imposed according to the terms of his plea. 2) The Court's entry of judgment is consistent with the terms of the Plea and Disposition Agreement...." [RP 542]

38. Because Petitioner's plea was not rejected or withdrawn and because the sentence was imposed according to the terms of the agreement, Petitioner has failed to present clear and convincing evidence to rebut the presumption of correctness afforded the state court's findings of fact. *See House*, 527 F.3d at 1019.

39. In addition, the state court's denial of these claims is in accordance with clearly established federal law as these claims do not present cognizable grounds for federal habeas relief. A voluntary and unconditional guilty plea waives non-jurisdictional errors occurring before the entry of the plea.[6] *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Blackledge v. Perry*, 417 U.S. 21, 30-31 (1974) (where the Supreme Court held that the bar on attacking pre-plea constitutional errors does not apply when the pre-plea error is jurisdictional in nature).[7] In *Tollett*, the United States Supreme Court stated:

> A guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent nature of the plea by showing that the advice he received from counsel was [inadequate].

*Tollett*, 411 U.S. at 267. *See Salazar*, 323 F.3d at 856. *See also United States v. Kunzman*, 125 F.3d 1363, 1365 (10th Cir. 1997) (a valid guilty plea forecloses habeas relief for an insufficiency of the evidence claim because the guilty plea waived all nonjurisdictional defenses, of which insufficiency of evidence is one.)

---

[6]An exception to this general rule is that a petitioner may raise an ineffective assistance of counsel claim which implicates the nature of the plea petitioner gave. *See Tollett*, 411 U.S. at 267. This Court addressed Petitioner's claim of ineffective assistance of counsel causing an involuntary plea *supra at 6-16.*

[7]Plaintiff's claims do not go to the jurisdiction of the court.

17

40. The fact that Petitioner entered an *Alford* Plea does not change the *Tollett* bar.  *See Thomas v. Kerby*, 44 F.3d 884, 888 n.4 (10th Cir. 1995) (in New Mexico, a no contest or nolo contendere plea is comparable to a confession of guilt and has the same legal consequences as a guilty plea); *Miller v. Hannigan*, 2000 WL 422336 (D.Kan.) (petitioner's plea pursuant to *Alford* barred habeas corpus review of his claim of an insufficient factual basis for an aggravated burglary charge (citing *United States v. Broce*, 488 U.S. 563, 569 (1989) and *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)); *Flores-Gonzales v. Farwell*, 2009 WL 511131 (D.Nev.) (*Tollett* is applicable to an *Alford* plea, whether viewed as a guilty plea or as a nolo contendere plea).

41. Plaintiff's claims 2, 3, 4, 5, and 6 are all non-jurisdictional claims that occurred prior to the plea and do not implicate the nature of the plea.[8]  Petitioner has not met his burden to prove that

---

[8]Petitioner alleges the following regarding his Claim Four Ineffective Assistance of Counsel: A.  Counsel refused to investigate facts supporting petitioners actual innocence...B. Counsel failed to interview essential alibi witnesses. C.  Counsel was ineffective for failing to qualify Dr. Roy Malpass as an expert witness on identification procedures for the defense.  D. Counsel was ineffective for failing to produce alleged victims extensive criminal history of prostitution. E.  Counsel was ineffective for failing to present petitioners theory of defense.  F. Counsel was ineffective for failing to adequately cross-examine witnesses at pretrial hearing or conduct adequate pretrial investigation. G.  Counsel was ineffective for failing to investigate, request, or obtain copies of police reports, notes, tapes, photo line-ups, some of which the state alleged were lost, requiring investigation into how they were lost and who(m) lost them.  H. Counsel was ineffective where a conflict existed between counsel and petitioner whom at all times wanted to go to trial and instead was pressured by counsel into an *Alford* plea against his wishes. [Doc. 1]

Other than "H"(Petitioner's claim that his counsel pressured him into accepting an *Alford* plea was addressed *supra* at 6-16), each of Petitioner's above arguments concern ineffective assistance of counsel claims that are pre-plea, non-jurisdictional claims that are unrelated to Petitioner's first claim of ineffective assistance of counsel causing involuntary plea.  These claims do not attack the knowing, voluntary, or intelligent nature of his plea, but instead relate to earlier alleged deprivations. As discussed *supra* at 17, once Petitioner entered his plea, all non-jurisdictional defects in the proceedings are waived. This waiver includes all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the plea.  *Smith v.Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). *See also Jeffries v. Hargett*, 132 F.3d 42, 1997 WL 755147 (10th Cir 1997) (where the Tenth Circuit stated: [A]fter entering a guilty plea, the only issue that may be challenged by a habeas petitioner is whether the

the district court judge's factual determinations or conclusions were "contrary to, or involved an

unreasonable application of, clearly established Federal law," 28 U.S.C. §2254(d)(1), or were "based

on an unreasonable determination of the facts in light of the evidence presented in the State Court

proceeding." 28 U.S.C. §2254(d)(2).  Accordingly, this Court recommends that habeas corpus relief

be denied on Petitioner's Claims 2, 3, 4, 5, and 6.

Petitioner's Claim Seven: 14th Amendment Right to Fair Sentencing

42. In Claim Seven of Petitioner's Application, Petitioner contends that Counsel's and the

Court's failure to allow Petitioner to review the presentence report prior to sentencing violated his

constitutional rights.[9]   The denial of a petitioner's right to view the presentence report is not a

question of constitutional dimension. *United States v. Stidham*, 459 F.2d 297 (10th Cir. 1972)

(citations omitted).  *See also Johnson v. Franklin,* 2007 WL 2028957 (W.D.Okla). The lack of a

constitutional entitlement is fatal to a habeas claim. *Id.* at 10-11. Because Claim Seven of

Petitioner's Application does not raise a constitutional question, it should be denied.

Petitioner's Claim Eight: Ineffective Assistance of Counsel, Violation of Due Process under the 5th,
6th, and 14th Amendments to the U.S. Constitution Due to Conflicting Language Contained in the
Plea Canvass and Plea Waiver.[10]

---

plea was entered knowingly and voluntarily."); *Osborn v. Shillinger*, 997 F.2d 1324, 1327 (10th
Cir. 1993) (a guilty plea bars subsequent challenges based on nonjurisdictional, pre-plea errors.)
Because Petitioner's Claim Four does not fall within the limited scope of pre-plea jurisdictional
defect cases in which *Tollett* has been held inapplicable, this claim is barred by Petitioner's
subsequent plea, and no federal relief may issue. *See Gan v. Giurbino, 2008 WL 4286939
(C.D.Cal.).*

[9]Because Petitioner's Claim Seven is not a pre-plea claim, the *Tollett* bar does not apply.

[10]As discussed in detail *supra* at n.1, Petitioner did not raise Claim Eight at the district
court level; however, this Court will consider Petitioner's new claim pursuant to 28 U.S.C.
§2254(b)(2)(2000).

43. Petitioner argues that conflicting language exists between the written Plea Waiver and the language used by the State Court Judge at the plea hearing regarding what appeal rights he was giving up. Petitioner argues, without legal support, that he gave up only his right to an appeal of a jury trial and no other appeals. Petitioner further argues that it was ineffective assistance of counsel because his counsel should not have had him sign the plea agreement because any competent attorney would know that signing a plea agreement doesn't give up the right to appeal. Petitioner asks that his plea be held invalid.

44. The language in the Plea and Disposition Agreement provides in pertinent part:

> WAIVER OF DEFENSES AND APPEAL: Unless this plea is rejected or withdrawn, the defendant gives up all motions, defenses, objections, or requests which he has made or could make concerning the Court's entry of judgment against him if that judgment is consistent with this agreement. *The defendant specifically waives his right to appeal as long as the court's sentence is imposed according to the terms of this agreement.* [RP 379, emphasis added]

The district court stated the following in the plea hearing: "You understand that by entering into this plea agreement, you waive the following constitutional rights, the right to plead not guilty...and the right to have a trial or appeal a trial conviction to a higher court." [Doc. No. 52, Exh. A at 3-4].

45. By the language in the Plea and Disposition Agreement, Petitioner gave up his rights to any appeal. Petitioner signed this Agreement and stated in the Plea Hearing that he had read the agreement, that he had gone over the terms and conditions of the plea with his attorney, and that he had no questions. Furthermore, by Petitioner's own admission, he understood what rights he was giving up. In Petitioner's Expanded Petition for Writ of Habeas Corpus, Petitioner states in pertinent part:

> Counsel stated to me and my wife Darla Chase that if I plead to Alford Plea I "automatically waive my appeal right." Counsel also stated that the only way the state would accept my Alford Pleas is if I waived my appeal rights violating my 5th, 6th, and 14th amendment rights." [Doc. No. 21, p. 4].

46. In the Plea Hearing, the Court did not specifically go over the Waiver of Defenses and Appeal; however, Petitioner admitted that he read the agreement, that he had discussed it with his attorney, and that he had no questions. He further admitted that he knew what appeal rights he was giving up. The actions of Petitioner's counsel were not deficient and did not prejudice Petitioner. *See Strickland v. Washington,* 466 U.S. 668 (1984). The plea was knowing, voluntary, and intelligently given. Therefore, this Court recommends that Claim Eight of Petitioner's Supplemental Petition be denied.

CONCLUSION

For the foregoing reasons, this Court recommends that federal habeas relief be denied as to all of Petitioner's claims. Petitioner has failed to establish that the adjudication of his claims on the merits in the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that it was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. See 28 U.S.C. §§2254(d)(1)-(2). Further, this Court recommends that Petitioner's Claim Eight be found to be without merit.

RECOMMENDED DISPOSITION

For the foregoing reasons, this Court recommends that Respondents' Motion to Dismiss [Doc. No. 34] be GRANTED, that Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 by a Person in State Custody [Doc. No. 1] be DENIED as without merit, and that this case be DISMISSED WITH PREJUDICE.

NOTIFICATION

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN TEN (10) DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file

21

written objections with the Clerk of the District Court pursuant to 28 U.S.C. §636(b)(1).  **A party must file any objections with the Clerk of the District Court within the ten (10) day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition.  If no objections are filed, no appellate review will be allowed.**

 

 

 

 

**ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE**